IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-00326-MJW

LAYNE ROETKER,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

Defendant

**PROTECTIVE ORDER** (Docket No 25-1)

This Order is entered pursuant to the agreement of Thomas G. Tasker, counsel for Plaintiff Layne Roetker, ("Plaintiff") and Sheryl L. Anderson, counsel for Defendant State Farm Mutual Automobile Insurance Company, ("State Farm"). The Court finds as follows:

A.  That State Farm possesses certain information that contains confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

B.  That a Protective Order should be entered in this matter that will properly balance the discovery rights of the Plaintiff with State Farm's rights to protect its confidential, proprietary, or trade secret information, and it is therefore:

**ORDERED, ADJUDGED AND DECREED:**

1.  All production and disclosure of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, by State

Farm during this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information").

2. Information subject to this Protective Order shall be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by State Farm by stamping "CONFIDENTIAL," "TRADE SECRET," or otherwise indicating confidentiality, trade secret or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object.

3. In the event that any question is asked at a deposition which State Farm asserts calls for information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law. State Farm does not waive any privileges including, but not limited to, attorney client privilege. State Farm may, either on the record at the deposition or by written notice to counsel for all parties no later than thirty (30) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. All testimony, regardless of whether designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER on the record, shall be treated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER until thirty (30) days after receipt of the transcript of said

deposition by all parties. Certain depositions may, in their entirety, be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER prior to being taken because of the anticipated testimony.

4. The inadvertent or unintentional disclosure by State Farm of information considered to be CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of State Farm's claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after State Farm becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order.

5. When information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 8 are present during such presentation, quotation or reference.

6. Subject to the requirements of Paragraph 10 of this Agreement, no person receiving information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described in Paragraph 8 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such

person make any other use of such information. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for State Farm upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 8(h) and/or 10 of this Protective Order.

7. Except as agreed by State Farm or as otherwise provided herein, including in Paragraphs 8(h) and 10 of this Protective Order, information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and 2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto pursuant to Paragraph 8 below. Except as provided in Paragraphs 8(h), (j), (k), (l) and 10 of this Protective Order, information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for sue in matters other than this lawsuit, including other matters involving State Farm.

8. Information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by State Farm shall be disclosed only to the following persons:

(a) attorneys actively working on or supervising the work on this case;

(b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;
(c) the parties, including designated representatives and counsel for the entity defendant;
(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
(e) the Court and its employees ("Court Personnel");
(f) stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;
(g) deponents, witnesses, or potential witnesses;
(h) the Colorado Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, C.R.S. § 10-1-128(5)(a) (2009), and Colo. Ins. Reg. 6-5-1;
(i) a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit;
(j) anyone as otherwise required by law;
(k) as authorized by the parties specifically; and
(l) other persons by written agreement of the parties or their attorneys.

9. Subject to Paragraph 10 of this Protective Order, the recipient of any information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

10. Nothing in this Protective Order disallows State Farm's maintenance of information and documents in its electronic claim system; documents maintained with the privacy requirements of the Colorado Division of Insurance and other applicable state and federal laws; the records retention requirements of the Colorado Division of Insurance, the Colorado Rules of Professional Conduct, other applicable state and federal laws; the records retention practices of State Farm and any written Hold Order entered by a Court. Further, nothing in this Protective Order disallows reporting of

information by State Farm as permitted and/or required by applicable state and federal law, including C.R.S. § 10-1-128 (2009), including reporting to the Insurance Services Office, Inc.

11. Plaintiff may at any time request from State Farm, in writing, the release of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel for State Farm and counsel for Plaintiff shall attempt to meet and confer. If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, any party may raise the issue of such designation with the Court. Any information submitted to the Court for review shall be submitted under ~~seal~~ *Restricted Access Consistent with D.C.Colo.LCivR 7.2* and for in camera review. Pending a ruling from the Court, State Farm's designation shall control.

*MJW 5-20-15*

12. Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the producing party at least five (5) business days in advance of production or disclosure of the information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER to the third party pursuant to such subpoena.

13. Nothing in this Protective Order shall prevent or restrict counsel for State Farm from inspecting, reviewing, using, or disclosing the information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. No disclosure pursuant to this paragraph shall waive any rights or privileges of any party

granted by this Protective Order.

14. Nothing in this Protective Order shall be construed as a limitation on the use of admissible evidence at trial, subject to such confidentiality provisions as may be ordered by the Court. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order~ *until Termination of This case unless Independent Jurisdiction can be established*.

15. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order ~~irrespective of the manner~~ in ~~which this action is terminated~~ *until Termination of This case unless Independent Jurisdiction can be established*.

16. Upon final determination of this action, State Farm may request the return to it or counsel for State Farm of all information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, including any copies thereof. Within thirty (30) days from the receipt of such request, each person or party to whom such information has been furnished or produced shall be obligated to return the same, including any copies, or to destroy such information and certify that it has been destroyed, except that the recipient need not destroy or return transcripts of depositions and materials filed with the Court, and party may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER CONFIDENTIAL; provided, however, that the requirements of this Paragraph are subject to the requirements of Paragraphs 8(h) and 10 of this Protective Order and to the routine business practices of State Farm, and also

subject to the regular business practices for maintenance and destruction of client files by the parties' counsel.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

18. Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be treated at trial.

~~Respectfully submitted this ___ day of May 2015.~~

S/ _____
Thomas G. Tasker
Hillyard, Wahlberg, Kudla, Sloane & Woodruff, LLP
4601 DTC Blvd., Ste. 950
Denver, CO 80237
Telephone: (303) 571-5302
Email: tom@denvertriallawyers.com

Counsel for Plaintiff

S/ Sheryl L. Anderson
Sheryl L. Anderson
Sarah S. O'Brien
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212
Email: sanderson@warllc.com
sobrien@warllc.com

Counsel for Defendant

5-20-15