IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-CV-00326-MJW

LAYNE ROETKER,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

    Defendant.

---

MINUTE ORDER

---

    It is hereby ORDERED that Plaintiff's First Motion in Limine (Non-Use of Bicycle Helmet) (Docket No. 31) is GRANTED for the following reasons.

    This is an insurance dispute. The underlying liability arose when Plaintiff was struck by an uninsured motorist while riding her bicycle to school. Plaintiff was 14 years old at the time, and suffered severe injuries. At the time of the accident, Plaintiff was not wearing a bicycle helmet. This motion in limine seeks to bar Defendant from introducing evidence of Plaintiff's failure to wear a helmet for any purpose.

    As support for the motion, Plaintiff relies on *Dare v. Sobule*, 674 P.2d 960 (Colo. 1984). There, after the Colorado legislature repealed a statute requiring motorcyclists to wear helmets, the Colorado Supreme Court held that motorcyclists also have no common-law duty to wear helmets and that the failure to wear a protective helmet cannot be introduced to show contributory or comparative negligence by the plaintiff, nor to mitigate damages. *Id.* at 963. While the historical background of a repealed statute is not present here, in the context of bicycles, Plaintiff argues that the following reasoning from *Dare* applies just the same:

> First, a defendant should not diminish the consequences of his negligence by the failure of the injured party to anticipate defendant's negligence in causing the accident itself. Second, a defense premised on an injured party's failure to wear a protective helmet would result in a windfall to tortfeasors who pay only partially for the harm their negligence caused. Third, allowing the [comparative-negligence] defense would lead to a veritable battle of experts as to what injuries would have or have not been avoided had the plaintiff been wearing a helmet.

*Id.* (internal citations omitted).

Defendant argues that there is no reason to extend *Dare* to the context of motorcycles. The Court disagrees. *Dare* is not so easily limited to motorcycles. To begin with, *Dare* twice stated its holding as a matter of "protective helmets" in the abstract. *See, e.g., id.* ("We hold, therefore, that, under the Colorado Comparative Negligence Act, evidence of plaintiff's failure to wear a protective helmet is inadmissible to show negligence on the part of the injured party or to mitigate damages."). Although the case arose in the context of a motorcycle accident, *Dare* did not expressly limit itself to that context. Further, for support, *Dare* relied on cases discussing seat belts—thus showing that its reasoning was not specific to motorcycles only. (*Id.* (citing *Fischer v. Moore*, 517 P.2d 458 (1973), among others).

Defendant further argues that the Tenth Circuit has expressly limited *Dare* to seat belts and motorcycle helmets, citing *Dillon Cos. v. Hussman Corp.*, 163 F. App'x 749, 753-55 (10th Cir. 2006). But it is Defendant that is reading precedents too broadly, not Plaintiff. *Dillon Companies* had to do with a grocery store's failure to protect against the risk of fire by installing draft stops, sprinklers, or noncombustible insulation, in violation of building code standards, *id.* at 753—a factual context so far removed the case at hand as to be nearly meaningless.

Defendant further argues that a bicyclist's comparative negligence is generally admissible, citing *Whitney v. Anderson*, 784 P.2d 830 (Colo. App. 1989). And this is true—but *Whitney* involved negligent conduct not related to protective gear like seat belts or helmets. There, the bicyclist could have come to a complete stop before the collision, thus avoiding injury, but failed to do so because he was not watching where he was going and did not see the defendant's vehicle. *Id.* at 833. Here, by analogy, Defendant will be able to introduce any otherwise admissible evidence that Plaintiff was operating her bicycle negligently. But *Whitney* does nothing to undermine *Dare*'s holding that failing to wear a protective helmet constitutes negligent conduct. The same error applies to Defendant's citation to *Reid v. Berkowitz*, 315 P.3d 185 (Colo. App. 2013), which involved negligent conduct unrelated to a vehicle's protective gear—specifically, it involved a construction worker's failure to use a flashlight while moving about a dimly-lit construction site. *Id.* at 196. If Defendant has evidence that Plaintiff engaged in negligent conduct creating a risk to herself, over and above the risk always inherent in riding a bicycle, *Whitney* and *Reid* establish that such negligence is admissible. But failing to wear a helmet is, as a matter of law, not such negligence.

Finally, Defendant argues that the evidence should be admissible to show failure to mitigate, to negate causation, or to impeach, even if not to show comparative negligence. The Court disagrees: Defendant has not proffered any explanation as to how such a theory amounts to anything more than imposing on Plaintiff the same duty to wear a helmet that the Colorado Supreme Court declined to impose in *Dare*.

Date: September 2, 2015